UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY ANDERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1082 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for recusal. Plaintiff asks the Court to recuse itself from this matter because the Court has previously denied plaintiff's motions and overruled plaintiff's evidentiary objections in his criminal proceedings. Plaintiff offers no other basis for showing that the Court has failed to treat him with impartiality.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" *Moran,* 296 F.3d at 648 (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant−section 455(a) sets an objective standard that does not require scienter." *Id.* (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *In re Kansas Pub. Employees Retirement Sys.,* 85 F.3d

1353, 1358 (8th Cir. 1996)). However, "'[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" *Id.* (quoting *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir.1992)).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr,* 758 F.2d 1578, 1583 (9th Cir. 1985).

Plaintiff's motion for recusal is frivolous. Plaintiff's allegations regarding the Court's bias are conclusory and are not supported by any facts. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for recusal [Doc. #2] is **DENIED**.

Dated this 6th day of July, 2018.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE