# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18 CV 1082 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Timothy Anderson seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Anderson was convicted by a jury of conspiring to distribute in excess of one kilogram of heroin and possession with the intent to distribute in excess of one kilogram of heroin. Case No. 4:13 CR 164 RWS. He was sentenced to 324 months' imprisonment on Count I and 240 months' imprisonment on Count II, with the terms to be served concurrently. Anderson appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Anderson,* 854 F.3d 1033 (8th Cir. 2017). Anderson petitioned the Eighth Circuit for rehearing by the panel or rehearing en banc, which was denied on July 31, 2017. [Doc. # 925-26 in Case No. 4:13 CR 164 RWS]. Anderson petitioned the United States Supreme Court for certiorari, which was denied on November 13, 2017. [Doc. # 935 in Case No. 4:13 CR 164 RWS].

Anderson then filed this § 2255 motion *pro se*, raising the following grounds for relief:

1) Ineffective assistance of trial counsel for failing to file pretrial motions based on the Religious Freedom Restoration Act of 1993 ("RFRA");

2) Ineffective assistance of trial counsel for failing to inform him that the RFRA defense was meritless;

3) The court failed to dismiss the indictment as insufficient on its face;

4) Judicial misconduct;

5) Ineffective assistance of appellate counsel; and

6) Grounds re-raising his objections to the Court's rulings on his RFRA defense (Grounds 6-8 and "Exhibit 2").

Anderson then sought leave to amend his § 2255 motion to assert the following grounds for relief:

1) His sentence violated his right to indictment by grand jury;

2) The statutes under which he was convicted were arbitrary and unreasonable, violating his due process rights;

3) The statutes under which he was convicted deprived him of a right to a fair trial;

4) The statutes under which he was convicted are unconstitutionally vague;

5) The statutes under which he was convicted impermissibly permitted the jury to infer his possession of heroin;

6) The statutes under which he was convicted impermissibly permitted the jury to infer criminal intent;

> 7) Anderson was denied his right to self-representation through the appointment of standby counsel;
>
> 8) The Court improperly ruled upon his RFRA defense;
>
> 9) The government was not made to follow Federal Rule of Criminal Procedure 12.4;
>
> 10) The Court lacked jurisdiction to rule on a motion [Doc. # 780];
>
> 11) The Controlled Substance Act is void for vagueness;
>
> 12) The Criminal Justice Act of 1964 (CJA) is void for vagueness and counsel was ineffective for not raising this argument;
>
> 13) His sentence was unconstitutional because the Court did not resolve ambiguities in the statutes under which he was convicted in favor of lenity; and
>
> 14) The Court violated Anderson's rights to due process and a fair trial by refusing to permit him to present his RFRA defense to the jury.

The Court will liberally construe Anderson's motion as one adding these additional claims to his original motion and grant the motion. However, these additional claims are meritless as all were either raised and rejected by the Eighth Circuit in Anderson's direct appeal, or could have been raised but were not. Even if the claims were not procedurally defaulted, they would still be denied as meritless.[1] Accordingly, all grounds for relief raised in Anderson's amended § 2255 motion are denied.

---

[1] To the extent Anderson attempts to recast some of these claims as ineffective assistance of counsel claims in his traverse, they would still be denied as counsel cannot be ineffective for failing to raise or win meritless arguments.

As for the remaining claims, despite repeated warnings by the Court as to the pitfalls associated with his choice, Anderson insisted on representing himself during pretrial proceedings and at trial. Throughout the pretrial proceedings, he filed meritless motion after meritless motion, including those related to his RFRA defense. Those motions were properly denied by the Court, and the Court's rulings were affirmed by the Eighth Circuit on appeal and cannot be re-raised now.

All ineffective assistance of counsel claims are denied as meritless. Anderson cannot be heard to complain now about the poor choices he knowingly and voluntarily made, and any errors cannot be imputed to standby counsel as they were made by Anderson himself, proceeding *pro se*. Grounds 3-4, 6-8, "Exhibit 2," and all Grounds raised in the amended § 2255 motion were either denied by the Eighth Circuit on appeal or could have been raised before the Court of Appeals but were not, so they are procedurally barred. I will deny Anderson's motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Anderson has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief."

*Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

## B. Grounds Previously Litigated or Procedurally Barred

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).[2]

---

[2] A movant can also avoid procedural default by demonstrating actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted). Where, as here, the evidence was sufficient to support his conviction, Anderson cannot claim actual innocence despite his attempt to do so in his traverse.

5

Moreover, "it is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (internal quotation marks and citation omitted); *see also, Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (citing *United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983)). Here, all grounds challenging the Court's rulings on Anderson's RFRA defense were rejected by the Eighth Circuit on direct appeal and cannot be relitigated here. The Eighth Circuit held: '[W]e reject Anderson's RFRA defense." [Doc. # 919 in Criminal Case No. 4: 13 CR 164 RWS]. The Eighth Circuit further concluded that "it was proper for [the district court] to reject Anderson's RFRA defense as a matter of law and to prohibit him from raising it again at trial." [*Id.*] Accordingly, Grounds 6-8 of Anderson's original § 2255 motion and Grounds 8 and 14 of his amended motion are denied. Moreover, all arguments raised in "Exhibit 2" were denied on appeal ("Exhibit 2" is a pleading Anderson filed on appeal seeking to supplement his petition for a rehearing en banc, which was denied on July 31, 2017). As such, they cannot be litigated here and are likewise denied.

Grounds 3-4 of Anderson's § 2255 motion and all remaining Grounds of the amended § 2255 motion are procedurally barred because they could have been

raised on direct appeal but were not.[3] Anderson's attempt to overcome the procedural default by claiming he is actually innocent fails, as the evidence of his guilt was overwhelming. These claims will be denied.

### C. Anderson Did Not Receive Ineffective Assistance of Counsel

Anderson brings claims of ineffective assistance of trial and appellate counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Anderson must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Anderson "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate

---

[3] They are also patently meritless. For that reason, even if these claims were restated as ineffective assistance of counsel claims (as Anderson improperly did in his traverse), they would all still fail because counsel cannot be ineffective for failing to raise meritless arguments. Petitioner's conclusory allegations of judicial misconduct amount to nothing more than his dissatisfaction with various rulings and the outcome of his trial. Such a claim is not cognizable in this, or any other, proceeding.

7

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Anderson did not receive ineffective assistance from his attorney.

Anderson complains that his standby attorney was constitutionally ineffective because he did not raise his RFRA defense or inform him that said defense was meritless. These claims are summarily rejected as Anderson himself raised a RFRA defense while proceeding *pro se*, and that defense was repeatedly rejected by this Court, which informed him time and again in countless hearings and written Orders that this defense was meritless. Undeterred, Anderson persisted in making this argument all the way to the Eighth Circuit, which also rejected this defense as meritless as a matter of law. As counsel cannot be ineffective for failing to raise or win a meritless argument, all ineffective assistance of trial and appellate counsel claims relating to counsel's failure to make RFRA arguments or advise Anderson about his RFRA defense are denied. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to raise a meritless argument cannot constitute ineffective assistance.").

Anderson's remaining ineffective assistance of counsel claims also fail, as Anderson makes no showing that standby counsel was deficient for failing to

question the heroin users he supplied whether they used heroin for religious purposes or to question DEA agents why they did not ask Anderson whether he was selling heroin for religious purposes before investigating him.[4]  Again, these alleged errors all relate to Anderson's meritless RFRA defense, and counsel cannot be held ineffective for failing to pursue this meritless claim.  *See id.*  Moreover, Anderson cannot demonstrate that he was prejudiced by any such alleged errors as he repeatedly raised these arguments himself while proceeding *pro se*.  The Court properly rejected them at the time, and it would have done so had they also been raised by counsel.  The same is true of Anderson's claim in his amended § 2255 motion that counsel was ineffective for failing to argue that the CJA Act is unconstitutional.  It is not.  While Anderson complains that his appellate counsel was ineffective counsel for failing to raise certain arguments contained in his "Exhibit 2," Anderson cannot demonstrate the requisite prejudice from any alleged error as all arguments were rejected by the Eighth Circuit when it denied his request for rehearing en banc.  As counsel cannot be deemed ineffective for failing to raise a meritless argument, all ineffective assistance of counsel claims are denied.

---

[4] Anderson's self-serving "affidavits of truth" filed with his motion do not meet his burden of demonstrating either deficient performance or resulting prejudice.

Anderson must face the consequences of his poor decisions. While it is not surprising that he now regrets the choices that he – and he alone – made, that does not serve as a basis for § 2255 relief.

### D. I Will Not Issue a Certificate of Appealability

As Anderson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Timothy Anderson's motion to amend his § 2255 motion [20] is granted, and Timothy Anderson's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] and amended motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [20] are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Anderson has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2019.