UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18 CV 1082 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to reopen his closed § 2255 case under Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "catchall" provision requires a petitioner to show "extraordinary" circumstances justifying the reopening of a final judgment, and such circumstances will rarely occur in the habeas context. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Here, petitioner argues that I failed to properly address his claims by making factual findings. I did not. My prior Memorandum and Order denying petitioner's § 2255 addressed not only the claims raised in his original motion, but also those raised in his amended motion and in his "Exhibit 2." These claims were all denied after due consideration as petitioner presented no grounds for relief. As I explained in that Memorandum and Order, petitioner was

not entitled to relitigate his claims that were previously rejected on direct appeal by the Eighth Circuit Court of Appeals, nor was he entitled to assert procedurally defaulted claims as he could not overcome the procedural default.[1] The Court was not required to make "factual findings" about barred claims. As for petitioner's preserved ineffective assistance of counsel claims, the Court concluded that petitioner's standby counsel and appellate counsel were not ineffective after thorough review of the entire record, including the fact that petitioner represented himself. The Court therefore denied petitioner § 2255 relief and a certificate of appealability. The Eighth Circuit likewise denied petitioner a certificate of appealability. As petitioner has presented no valid basis for reopening his closed § 2255 case, the motion will be denied.

As Anderson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

---

[1] The Court also found that plaintiff's procedurally defaulted claims were meritless.

**IT IS HEREBY ORDERED** that petitioner's motion to reopen case [38] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Anderson has not made a substantial showing of the denial of a federal constitutional right.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2020.