# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1082 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to alter or amend the Judgment entered in this case under Rule 59(e) of the Federal Rules of Civil Procedure. The motion is denied, as "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Judgment in this case was entered one year ago, on March 13, 2020. To the extent petitioner is seeking reconsideration of the January 31, 2020 Memorandum and Order denying his motion to reopen his case under Federal Rule of Civil Procedure 60(b)(6), the motion is denied.

To the extent this motion is construed as a second Rule 60(b)(6) motion, which permits a court to relieve a party from final judgment for "any other reason that justifies relief," it is also denied. See Fed. R. Civ. P. 60(b)(6). The "catchall" provision of Rule 60 requires a petitioner to show "extraordinary" circumstances

justifying the reopening of a final judgment, and such circumstances will rarely occur in the habeas context. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Petitioner cannot meet that standard for the reasons previously given. The Court denied all of petitioner's preserved claims of ineffective assistance of counsel after thorough review of the entire record, and petitioner presents no new legal or factual arguments demonstrating that this determination was erroneous. Moreover, petitioner's argument that he should have been appointed an attorney before his initial appearance is meritless.[1] *See Rothgery v. Gillespie County, Tex.*, 128 S. Ct. 2578, 2592 (2008) ("[A] criminal defendant's initial appearance before a judicial officer, where he learns of the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel.").[2] Petitioner's argument that standby counsel violated his right to self-representation is equally meritless, as standby counsel's participation in the trial was extremely limited and did not "seriously undermine" the "appearance before the jury" that petitioner represented himself.

---

[1] Petitioner requested appointment of counsel at his initial appearance, and counsel was appointed to represent him the same day. (Doc. 7 in Case No. 4: 13 CR 164 RWS).

[2] Contrary to petitioner's argument, that language does not mean petitioner is entitled to counsel to represent him at the initial appearance. As Justice Alito explains in his concurring opinion, "the term 'attachment' signifies nothing more than the beginning of the defendant's prosecution. It does not mark the beginning of a substantive entitlement to the assistance of counsel." *Rothgery*, 128 S. Ct. at 2592.

*See McKaskle v. Wiggins*, 465 U.S. 168, 187 (1984).[3]  Petitioner conducted all witness examinations and cross-examinations and made his own closing argument to the jury.[4]  As petitioner has presented no valid basis for relief, the motion will be denied.

As Anderson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend the judgment [40] is denied.

---

[3] Petitioner's suggestion that appointment of standby counsel somehow impeded his ability to file pretrial motions is flatly contradicted by the voluminous record in his criminal case, which includes countless motions filed by petitioner *pro se*.

[4] Petitioner elected (again, of his own accord) to waive opening statement.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Anderson has not made a substantial showing of the denial of a federal constitutional right.

                                       _/s/ Rodney W. Sippel_
                                       RODNEY W. SIPPEL
                                       UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2020.